

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Menkes v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2457

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Menkes v. Comm Social Security" (2008). *2008 Decisions.* Paper 1660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2457
_____

MINA MENKES,

Appellant

v.

MICHAEL J. ASTRUE,
Commissioner Social Security

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02092 )
District Judge: Honorable James Knoll Gardner

_____

Submitted Under Third Circuit LAR 34.1(a)
December 20, 2007

Before: McKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  January 30, 2008)

_____

OPINION
_____

PER CURIAM

    Mina Menkes appeals pro se from an order of the United States District Court for

the Eastern District of Pennsylvania denying her motion for summary judgment and granting the Commissioner of Social Security's motion for summary judgment in this disability insurance benefits action. We will affirm.

I.

Because the facts are familiar to the parties and are thoroughly set forth in the Administrative Law Judge's ("ALJ") Decision and the Magistrate Judge's Report, we will provide only a brief summary of the events leading up to this appeal. In January 2003, Menkes protectively filed for Social Security disability insurance benefits under the Social Security Act, claiming that she was disabled due primarily to head injuries sustained in an automobile accident on September 24, 2001. The Social Security Administration denied her application on June 23, 2003. At Menkes's request, an ALJ held a hearing on the denial, at which Menkes and a vocational expert testified. The ALJ also reviewed objective medical evidence and the opinions of several physicians. Based on this evidence, the ALJ determined that Menkes "suffered from traumatic brain dysfunction with headaches, which are considered severe impairments." The ALJ concluded, though, that while Menkes was unable to continue her past relevant work as a clerical worker, child care worker, or school bus driver, and while she had moderate restrictions in "concentration, persistence, and pace," she retained the residual functional capacity to perform simple routine jobs that exist in significant numbers in the national and regional economy. Consequently, by decision dated July 9, 2004, the ALJ denied Menkes's claim for benefits. The Appeals Council denied Menkes's request for review,

2

rendering the ALJ's decision the final decision of the Commissioner.  <u>See</u> 20 C.F.R. § 416.1481.

Menkes, represented by counsel, filed a civil action in the United States District Court for the Eastern District of Pennsylvania, seeking judicial review of the Commissioner's final decision.  Both parties moved for summary judgment.  The District Court adopted the Magistrate Judge's Report and Recommendation, denied Menkes's motion, and granted the Commissioner's motion.  Menkes appealed <u>pro</u> <u>se</u>.

## II.

We have appellate jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our role is identical to that of the District Court.  We will uphold the ALJ's findings if they are supported by substantial evidence.  <u>See</u> 42 U.S.C. § 405(g); <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir.2002).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999), citing <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988).

Menkes's primary contentions on appeal are that the ALJ and the Magistrate Judge exaggerated the importance of certain facts and that the ALJ erroneously ruled that she retained the physical and mental capacity to perform simple, routine work.  After thoroughly reviewing the administrative record (including Menkes's medical records), we agree with the Magistrate Judge's reasoning and conclusion that substantial evidence supports the ALJ's ruling that Menkes can perform certain simple routine work despite

3

her physical impairment. The ALJ correctly considered all of the medical evidence, Menkes's subjective testimony, and the testimony of the vocational expert, in determining that she was not disabled during the period between September 24, 2001 and June 30, 2003, and thus, she was not entitled to benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

### III.

Menkes claims that, in determining her residual functional capacity, the ALJ attributed far too much weight to the fact that Menkes continued to take computer courses after her injuries and received A's and B's. She says that she had to minimize her course-load after the accident by switching from credit to "audit" status in some of the computer courses. Menkes explains that she received A's and B's because she either had read the book before or had a working knowledge of the course content prior to the accident. The ALJ's decision shows that he based his determination of Menkes's residual functional capacity on all of the evidence, not just her ability to attend, and perform well in, a few computer classes. He found that her treating and evaluating physicians consistently referred to her impairment as mild or moderate, that the objective testing was unremarkable, and that her neuropsychological exam was normal. Menkes testified that she could perform her own activities of daily living (including cooking), although it was a struggle to do so, and that she could also shop at least once a week. The ALJ also noted that the record indicated that Menkes had been able to take care of her mother when her mother fell ill for a short period after Menkes's accident. Thus, contrary to Menkes's

4

belief that the ALJ denied her disability benefits because "a person taking two hours of class twice a week" constitutes "substantial gainful activity," his decision draws no such conclusion, nor does it lend too much significance to Menkes's computer course-work.

Menkes also complains that the ALJ erred in deciding that she was not disabled based on the vocational expert's answer to the ALJ's question regarding her ability to perform simple routine tasks. The term "simple routine tasks," in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a "simple routine task" typically involves low stress level work that does not require maintaining sustained concentration. The ALJ asked the vocational expert a hypothetical question that took into account Menkes's vocational background in skilled and semi-skilled work and the lack of any physical exertional impairment. Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to "simple routine tasks." He asked the vocational expert, "Would the limitation to simple routine tasks preclude this hypothetical individual from performing the skilled and semi-skilled work that Ms. Menkes has done in the past," to which the vocational expert relied, "Yes." The ALJ then focused on how the limitation to simple routine tasks would preclude a person like Menkes from finding unskilled jobs available in the national and regional economy by asking "Would a limitation to simple routine tasks have any effect on the unskilled occupational base?" The vocational expert replied, "No." We find no error in the

5

hypothetical question or in the ALJ's conclusion, using Medical-Vocational Guidelines as a framework, that simple, routine, unskilled jobs existed that Menkes could perform.

## IV.

We have considered all of Menkes's arguments on appeal and conclude that they are unavailing. For the reasons stated, we will affirm the order of the District Court.